**Javier Samuel BARCENAS–ROJAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74127.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter James Musser, Esq., Attorney at Law, Vista, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, James E. Grimes, Esq., Mary Jane Candaux, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Javier Samuel Barcenas–Rojas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' dismissal of his appeal from an Immigration Judge's denial of his request to terminate proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and deny the petition for review.

While we deny the government's request to strike petitioner's replacement brief, we again remind petitioner's counsel of his obligation to comply with Fed. R.App. P. 28. See Han v. Stanford Univ., 210 F.3d 1038, 1040 (9th Cir.2000) ("We reiterate our expectation that counsel make a good-faith attempt to comply with the rules of appellate procedure.").

We have considered petitioner's arguments concerning adjustment of status under 8 U.S.C. §§ 1255(a) and (i), as well as his contention that he should be allowed to

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

stay in the United States until an immigrant visa becomes available to him. As petitioner has not identified any legal basis for relief, however, we must deny the petition for review.

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. See Desta v. Ashcroft, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**